

EOD
10/23/2019

THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| MICHAEL ARENAS | § | CASE NO. 19-42075-R |
| XXX-XX-6422 | § | |
| 4681 MAVERICK WAY | § | CHAPTER 13 |
| CARROLLTON, TX 75010 | § | |
| | § | |
| NICOLE ARENAS | § | |
| XXX-XX-5532 | § | |
| | § | |
| DEBTORS | § | |

### ORDER DISMISSING CHAPTER 13 CASE WITH RETENTION OF JURISDICTION

Came on for hearing the Motion to Dismiss (the "Motion") filed by Carey D. Ebert, Chapter 13 Trustee, the Standing Chapter 13 Trustee, in the above referenced case. The Court finds that appropriate notice of the Motion and the hearing was given according to the Federal and Local Rules of Bankruptcy Procedure. The Court further finds that this case should be dismissed for the reasons stated in the Motion. The Court also recognizes that a Motion for Administrative Expenses, or an equivalent thereof, filed by the Debtors' attorney is currently pending before the Court or may be filed within the next fourteen (14) days. Accordingly, pursuant to the authority expressed in *Querner v. Querner (In re Querner)*, 7 F.3d 1199 (5th Cir. 1993), the Court finds that just cause exists for the entry of the following order.

IT IS THEREFORE ORDERED that the above referenced Chapter 13 case is hereby DISMISSED; provided, however, that this case shall remain open and the Court shall retain jurisdiction to entertain and to determine all requests for relief, whether raised sua sponte or by any party in interest, pertaining to the compensation to be paid to the Debtors' counsel, so long as any such request is filed before the expiration of fourteen (14) days after the entry of this order, and to enter any order pertaining thereto which may be appropriate under the circumstances.

IT IS FURTHER ORDERED that any wage withholding orders previously entered in this case are hereby terminated.

IT IS FURTHER ORDERED that, pursuant to 11 USC §1326(a)(2):

1. the pre-confirmation adequate protection payments which have been previously tendered by the Debtors to the Standing Chapter 13 Trustee for the benefit of creditor(s) holding an allowed claim secured by personal property retained by the Debtors as set forth in the Debtors' most recent filed Chapter 13 plan as of the date of this Order shall be forwarded by the Standing Chapter 13 Trustee to the applicable secured creditor(s) that hold a filed and allowed claim as of the date of this Order in the monthly amount specified by the Debtors in the most recently-proposed Chapter 13 plan as of the date of this Order;

2. funds thereafter remaining on deposit with the Standing Chapter 13 Trustee, if any, shall first be applied to the payment of all approved administrative expenses, to be distributed on an equivalent basis until such time as a claim has been paid in full, unless a different distribution priority has been authorized under any prior order of the Court; and

3. following the full satisfaction of all allowed administrative expenses, if applicable, any funds remaining in the Standing Chapter 13 Trustee's possession shall be distributed to the Debtors.

Signed on 10/23/2019

*Brenda T. Rhoades*  MD
HONORABLE BRENDA T. RHOADES,
UNITED STATES BANKRUPTCY JUDGE

PLA Order DismissPreConfNoPrej